**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| HUBERT LLOYD TYSON DELAY, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-CV-0203 SNLJ |
| ) | |
| BRITTON FERRELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Hubert Delay, III, an inmate currently incarcerated at Mississippi County Jail in Charleston, Missouri, filed this civil rights action on November 1, 2024; however, plaintiff neither paid the Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

Additionally, the allegations of the complaint are not entirely clear. Plaintiff, seems to assert a variety of claims in this lawsuit, including a denial of bond and the right to speedy trial in his state criminal action, excessive bail,[1] a need for federal protective custody, a deliberate

---

[1] Claims relating to denial of bond and/or excessive bail and a denial of the right to speedy trial are more properly brought pursuant to 28 U.S.C. § 2241. The Court will provide plaintiff with a Court form for bringing such claims.

indifference to his serious medical needs, a denial of access to counsel and a denial of access to court. However, the complaint is defective because, among other things, it was not drafted on the Court's form, *see* E.D. Mo. Local Rule 2.06(A), and plaintiff's allegations are conclusory and fail to explain how any particular individual was personally responsible for violating his rights.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint on the Court's form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 7(a)(1), 8(a).

It appears that plaintiff has attempted to assert multiple unrelated claims in this lawsuit which is impermissible. Although plaintiff may join in one action as many claims as he has against a *single* defendant, *see* Fed. R. Civ. P. 18(a) (emphasis added), when multiple defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if his claims against them arise out of the same transaction or occurrence or if a series of transactions or occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits. Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s) in the future. He may seek additional complaint forms from this Court by contacting the Court Clerk.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost*

*Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff copies of the Court's Prisoner Civil Rights Complaint form, the Motion to Proceed in Forma Pauperis – Prisoner Cases form, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 Court Form and the Motion to Proceed in Forma Pauperis – and Affidavit Habeas Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he

shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that if plaintiff wishes to pursue his excessive bail or denial of bond claims he must file a separate action on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 Court Form.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of November, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE